WO                                                                                           MD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Jay Crowley, | No.  CV 14-00988-PHX-SPL (MHB) |
| Petitioner, | |
| vs. | **ORDER** |
| Sheriff Paul Babeu, et al., | |
| Respondents. | |

      Petitioner Robert Jay Crowley, who has been released on bond from the Pinal County Adult Detention Facility, has filed an unsigned *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Petition and this action.[1]

**I.      Petition**

      Petitioner filed his Petition on May 8, 2014 as a pre-trial detainee in the Pinal County Jail, where he was awaiting trial in Pinal County Superior Court case #CR201300870.  On June 2, 2014, Petitioner filed a notice of change of address, indicating that he has been released on bond.  In his Petition, Petitioner names Sheriff

---

[1] Ordinarily, before screening the Petition, the Court would require Petitioner to file a signed Certificate certifying that his signature on the Certificate shall serve as an original signature on his § 2254 Petition.  *See* 28 U.S.C. § 2242; Rule 2(c)(5) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 11(a); LRCiv 3.5(a).  However, because Petitioner's Petition is obviously premature, the Court will not require a signature certification.

Paul Babeu as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that his Fourth Amendment rights have been violated by a search warrant that he believes "was manufactured by the prosecution." In Ground Two, Petitioner alleges that his Sixth Amendment rights were violated because he was arrested in Pinal County, which was outside of the arresting officers' jurisdiction, because he has not received "proper counsel," and because there has been "no jury trial in Maricopa County." In Ground Three, Petitioner alleges that excessive bail has been imposed and he lacks access to a law library, in violation of his Eighth Amendment rights. In Ground Four, Petitioner alleges that his Fourteenth Amendment rights have been violated by an invalid search warrant, an unlawful arrest, lack of due process, tampering with evidence, and the taking of his property.

Petitioner seeks to have his freedom restored, to have the charges against him dismissed, and to have his bail lowered.

**II.  Discussion**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal

convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).

Petitioner does not allege that he has been convicted or sentenced in violation of his federal constitutional rights. Indeed, it appears that he is awaiting trial in state court. Accordingly, the Court will dismiss Petitioner's Petition as premature and will dismiss this case without prejudice.

To the extent Petitioner is seeking to have this Court intervene in his state court proceedings, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). In addition, the *Younger* abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000). Such extraordinary circumstances are not present in this case.

**IT IS ORDERED:**

(1)  Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2)  The Clerk of Court must enter judgment accordingly and close this case.

1   (3)  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **denied**.

2   (4)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of July, 2014.

Honorable Steven P. Logan
United States District Judge

- 4 -